2008 BNH 015
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

Newfound Lake Marina, Inc., and                             Bk. No. 04-12192-MWV
Newfound Marine, Inc.,                                      Bk. No. 04-13727-MWV
         Debtors                                      Jointly Administered
                                                       Chapter 11 Cases

Newfound Lake Marina, Inc., and
Newfound Marine, Inc.,
         Plaintiffs

v.                                                          Adv. No. 08-1125-MWV

Sumac Corporation, P. Andrews McLane,
Douglas McLane, as Trustee of Grey Rocks Land Trust, and
Elizabeth Rotch, as Trustee of Grey Rocks Land Trust,
         Defendants

*William S. Gannon, Esq.*
WILLIAM S. GANNON P.L.L.C.
*Attorney for Debtors*

*Joseph A. Foster, Esq.*
*Cheryl C. Deshaies, Esq.*
MCLANE, GRAF, RAULERSON & MIDDLETON, P.A.
*Attorneys for Sumac Corporation and*
*P. Andrews Mclane*

*James W. Donchess, Esq.*
DONCHESS, NOTINGER & TAMPOSI, P.C.
*Attorney for Douglas McLane and Elizabeth Rotch,*
*as Trustees of Grey Rocks Land Trust*

## MEMORANDUM OPINION

      The Court has before it the Plaintiffs' motion for an order remanding a state court action that was removed to this Court and the Defendants' objection thereto. On October 27, 2008, the Court held a hearing, at the close of which it took the matter under advisement.

## FACTS

The Plaintiffs own a marina located in Hebron, New Hampshire (the "Marina"), and are debtors in a consolidated chapter 11 case that was filed on June 17, 2004. The Plaintiffs operated the Marina for over twenty years, and by the petition date, decided to convert the Marina into a dockominium. To do so and during the course of their bankruptcy case, the Plaintiffs obtained non-residential site plan approval, an alteration of terrain permit, and a dredge and fill permit from the Hebron Planning Board and Wetlands Bureau of the Department of Environmental Services (collectively, the "Development Permits").

The Defendants are four parties that have been involved in ongoing litigation with the Plaintiffs opposing the Development Permits. Sumac Corporation (hereinafter, "Sumac") is a secured creditor in the Plaintiffs' bankruptcy case, an abutter of the Marina, and holder of a mortgage encumbering the Marina (the "Homebank Mortgage"). Sumac purchased the Homebank Mortgage from Recol RTC Management in 1994. P. Andrews McLane is the sole shareholder, officer, and director of Sumac. He formerly served as a trustee to the Grey Rocks Land Trust, which is a McLane family trust that owns real property near the Marina. Douglas McLane and Elizabeth Rotch are current trustees of the Grey Rocks Land Trust.

On or about August 12, 2008, the Plaintiffs commenced an action against the Defendants in the Grafton County Superior Court. In their complaint, the Plaintiffs asserted nine counts for relief under New Hampshire state law, including N.H. Rev. Stat. Ann. § 358-A, in connection with the Homebank Mortgage and Development Permits (the "State Court Action"). On September 11, 2008, the Defendants removed the State Court Action to this Court. On September 19, 2008, the Plaintiffs moved to remand the State Court Action, and the Defendants objected.

**DISCUSSION**

The Plaintiffs urge the Court to remand the State Court Action to the superior court on the grounds that it is a non-core proceeding in which state law issues dominate. The Defendants oppose remand, arguing that the State Court Action (1) is a core proceeding, as well as a non-core proceeding, and (2) that each count is infused with bankruptcy law and based on postpetition events that will decide issues core to the Bankruptcy Code, some of which this Court has already decided. The issue before the Court is twofold. First, the Court must decide whether removal was proper by determining whether the Court has subject matter jurisdiction over the State Court Action. Second, if removal is proper, the Court must determine whether to remand the State Court Action.

A.  **Subject Matter Jurisdiction**

To resolve the subject matter jurisdiction issue, the Court must determine whether the State Court Action is a proceeding "arising under" title 11, or "arising in" or "related to" a case under title 11. "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "Section 1334 sets up two main categories of bankruptcy cases over which the district court has jurisdiction: 'cases under title 11,' over which the district court has original and exclusive jurisdiction . . . and 'proceedings arising under title 11, or arising in or related to cases under title 11,' over which the district court has original, but not exclusive jurisdiction . . ." New England Power & Marine v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 66 (1st Cir. 2002). Bankruptcy courts have jurisdiction of both categories of bankruptcy cases pursuant to 28 U.S.C. § 157(a) and by the Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).

Thus, "a party may remove a cause of action from state court to the bankruptcy court if it is an action arising under title 11, or arising in or 'related to' a case under title 11." Work/Family Directions, Inc. v. Children's Discovery Centers, Inc. (In re Santa Clara County Child Care Consortium), 223 B.R. 40, 43 (B.A.P. 1st Cir. 1998).  Actions "arising under" title 11 or "arising in" a case under title 11 are referred to as "core" proceedings.  River Valley Country Day Sch. v. Evarts (In re Evarts), 2006 BNH 011, 2 (citing McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co., 285 B.R. 460, 471 (D. Or. 2002)).  Actions that are "related to" a case under title 11 are "non-core" proceedings.  In re Evarts, 2006 BNH 011, at 3.

For the following reasons, the Court finds that the State Court Action is "related to" the Plaintiff's bankruptcy case.  Actions are "related to" a case under title 11 if they "'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'"  In re Middlesex Power Equip. & Marine, Inc., 292 F.3d at 68 (citation omitted).  "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Marotta Gund Budd & Dzera LLC v. Costa, 340 B.R. 661, 669 (D.N.H. 2006).  Here, the outcome of the State Court Action could effect the Plaintiffs' liability on the secured claim held by the Defendants and the dividend for unsecured creditors.  Thus, the State Court Action is a non-core proceeding over which the Court has jurisdiction

The Defendants agree that the State Court Action is at least a non-core proceeding, but argue that the State Court Action is also a core proceeding.  They further aver that if a proceeding is core, that factor weighs heavily against remanding the case to the superior court.  See Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.), 815 F.2d 165, 171 (1st Cir. 1987); In re Franklin Computer Corp., 50 B.R. 620, 626 n.8 (Bankr. E.D. Pa. 1985); Steinberg v. Esposito (In re Pioneer Development Corp.), 47 B.R. 624, 628 (Bankr. N.D. Ill 1985).  The Court will stop its analysis of the core proceeding issue with a

determination that the State Court Action is not a core proceeding because it does not arise under title 11 or arise in a case under title 11.

A proceeding is a case "arising under" title 11 if it involves a cause of action that is created or determined by a statutory provision of the Bankruptcy Code. In re Middlesex Equip. & Marine, Inc., 292 F.3d at 68. Here, the State Court Action does not involve any causes of action created or determined by title 11. Thus, it is not a case "arising under" title 11.

"'Arising in' proceedings generally 'are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'" Id.; see Costa, 340 B.R. at 666 (providing that proceedings "arising in" a case under title 11 generally are administrative matters that arise only in bankruptcy cases). The Defendants argue that the State Court Action falls under several of the core proceeding categories listed in section 157(b)(2), namely, that it can be characterized as a counterclaim, that it is a matter concerning the administration of the estate, and that it adjusts a debtor-creditor relationship. See 28 U.S.C. § 157(b)(2)(A), (C), and (O). The Court disagrees. Counts I and II seek an injunction under state law to prevent the Defendants from breaching its contractual duties and statutory duties as mortgagee under N.H. Rev. Stat. Ann. §§ 358-A and 479. Counts III and IV allege breach of fiduciary or quasi fiduciary duty and implied duties of good faith and fair dealing under state law. Counts V and VI allege unjust enrichment and violation of N.H. Rev. Stat. Ann. § 358-A. Counts VII and VIII allege interference with contractual relationships and prospective contractual relationships, and Count IX alleges civil conspiracy. All these counts assert state law causes of action that exist outside of the Plaintiffs' bankruptcy case and that they can assert independent of the bankruptcy case. Essentially, the State Court Action is based on Sumac's mortgagee and abutter relationship to the Plaintiffs. Although the Defendants argue that the State Court Action is an "arising in" case because it is based on the Defendants' postpetition conduct in connection to the bankruptcy case, "claims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." Costa, 340 B.R. at 666 (internal quotations omitted) (citing

Stoe v. Flaherty, 436 F.3d 209, 218 (3rd Cir. 2006)). In Costa, the defendants argued that the removed action was a case "arising in" the bankruptcy case because, although it involved a state law defamation claim, the alleged defamatory statements related to the plaintiffs' appointment in the bankruptcy case and their improper management of the bankruptcy estate. Id. There, the court considered the nature of the cause of action and concluded that "there is nothing about the nature of a defamation action that limits its existence to bankruptcy proceedings." Id. at 667. The court held that the removed action was not a core proceeding and ultimately remanded the case. Similarly, nothing in the nature of the counts asserted in the State Court Action limits their existence to the bankruptcy case. Accordingly, the Court concludes that the State Court Action is not a core proceeding, but a non-core proceeding that is "related to" the bankruptcy case.

### B. Remand to State Court

This brings the Court to the second and final issue before it, which is whether the Court should remand the State Court Action to the superior court. "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). In determining whether to remand an action, courts may consider the following factors: (1) the effect of the action on the administration of the bankruptcy estate, (2) the extent to which the issues of state law predominate, (3) the difficulty of applicable state law, (4) comity, (5) the relatedness or remoteness of the action to the bankruptcy case, (6) the existence of a right to a jury trial, and (7) prejudice to the party involuntarily removed from state court. See In re Evarts, 2006 BNH 011, at 6; Cenisth Partners, L.P. v. Hambrecht & Quist, Inc. (In re VideOcart, Inc.), 165 B.R. 740, 744 (Bankr. D. Mass. 1994). The Court has discretion in determining whether to remand an action. In re Evarts, 2006 BNH 011, at 6.

As applied to the instant case, the factors stated above weigh in favor of remanding the State Court Action to the superior court. First, the State Court Action will have little effect on the administration of the bankruptcy estate because the Plaintiffs' plan or reorganization does not rely on the

State Court Action's resolution. The Plaintiffs intend to obtain confirmation of their plan and implement it without regard to the State Court Action. Second, although bankruptcy law and procedure may be implicated in the State Court Action, state law issues predominate because all counts seek relief solely under state law. Third, although the Court has experience dealing with N.H. Rev. Stat. § 358-A, there are other state law issues involved in the State Court Action that suggest remand is appropriate. Fourth, comity and the state's interest in developing and applying its laws to the citizens weigh in favor remand. Fifth, the State Court Action is related to the bankruptcy case because it refers to Sumac's conduct during the Plaintiffs' reorganization efforts. However, the Court concludes that the issues raised by the Plaintiffs do not require special expertise in bankruptcy law or in-depth familiarity with the Plaintiffs' bankruptcy case, which indicates that remand is appropriate. Sixth, the Plaintiffs have asserted their right to a jury trial. Lastly, the Plaintiffs are prejudiced by the involuntary removal because they seek a jury trial among their peers, of which they will be deprived if the State Court Action is not remanded. Accordingly, the Court finds that there are equitable grounds to remand the State Court Action to the superior court.

## CONCLUSION

For the reasons set forth above, the Court finds that the State Court Action was properly removed to this Court pursuant to 28 U.S.C. § 1452(a) because the State Court Action is a non-core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). The Court further finds that there are equitable grounds to remand the State Court Action to the superior court pursuant to 28 U.S.C. § 1452(b). This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will enter a separate order granting the Plaintiffs' motion to remand.

DATED this 6th day of November, 2008, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge